FILED

2023 Sep-28  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **GAYLA HAMILTON MILLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **PLAYTIKA, LTD., and** | ) | |
| **PLAYTIKA HOLDING CORP.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendants Playtika Ltd. and Playtika Holding Corp. (collectively, "Playtika"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby specially appear for the purpose of this removal and, preserving all defenses, remove this civil action to the United States District Court for the Northern District of Alabama from the Circuit Court of Franklin County, Alabama.

In support of this Notice of Removal, Playtika states as follows:

### I.    OVERVIEW

### A.    Procedural History

1.    On August 25, 2023, Plaintiff Gayla Hamilton Mills ("Plaintiff") filed this action against Playtika in the Circuit Court of Franklin County, Alabama, Case No. 33-CV-2023-900117.00.  True and correct copies of all pleadings and process filed in state court are attached hereto as **Exhibit A**.

1

2.      Prior to filing this action, on March 8, 2023, Plaintiff initially sued Playtika in the Circuit Court of Franklin County, Alabama, No. 33-CV-2023-900034.00, asserting nearly identical allegations and seeking to recover all the money spent by Alabama players on Playtika's online casino-themed social games over the prior year under Alabama Code § 8-1-150(b). *See Mills v. Playtika, Ltd. et al.*, No. 33-CV-2023-900034, Dkt. 1. On April 11, 2023, Playtika timely removed that action to this District on the ground that diversity jurisdiction under 28 U.S.C. § 1332(a) was established, given that there was complete diversity of citizenship between the parties and the purchases of all Alabama players over the one year period at issue exceeded $75,000. *See Mills v. Playtika, Ltd. et al.*, No. 3:23-cv-00464, Dkt. 1. The case was assigned to Judge C. Lynwood Smith, Jr. *Id.*

3.      On April 27, 2023, Plaintiff moved to remand, arguing that the federal court could not aggregate her claims on behalf of all other players in Alabama to satisfy the $75,000 monetary threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.*, Dkt. 5.

4.      Around the same time, Plaintiff's counsel sued several other online social casino-themed gaming companies in the Franklin County and Colbert County Circuit Courts based on nearly identical arguments. There too, the companies removed the cases to this District. Certain of those cases were assigned to Judge

Smith,[1] and others to Judge Liles C. Burke.[2]  The plaintiffs moved to remand each of the cases.

5.      After briefing, Judge Burke remanded the cases assigned to him, finding that he could not aggregate the purchase amounts of all Alabama players to reach the amount in controversy requirement under 28 U.S.C. § 1332(a).  Judge Burke noted that § 8-1-150(b) does "not seem to permit one person to recover multiple gambling losses for multiple families in the same action," and that "the manner in which [plaintiff] has brought this action ***could*** be viewed as a means to avoid filing a class action lawsuit."  *Rice v. Aristocrat Leisure, Ltd.*, 2023 WL 5198510, at *3 n.3 (N.D. Ala. 2023) (emphasis in original).  Nonetheless, Judge Burke ruled that he could not aggregate Alabama players' purchase amounts under 28 U.S.C. § 1332(a) because, as framed in the complaint, "there is a single plaintiff acting in a ***representative capacity*** to recover damages that would be payable to non-parties."  *Id.* at *5 (emphasis added).

---

[1] *Sornberger v. Sciplay Corp.*, 3:23-cv-00476-CLS (N.D. Ala.); *Seal v. VGW Ltd.*, 3:23-cv-00462-CLS (N.D. Ala.); *Pilati v. Playstudios US LLC*, 3:23-cv-00488-CLS (N.D. Ala.).

[2] *Gann v. Huuuge, Inc.*, No. 3:23-CV-00498-LCB (N.D. Ala.); *McGee v. SpinX Games, Ltd.*, No. 3:23-CV-00777-LCB (N.D. Ala.); *Mills v. Zynga, Inc.*, No. 3:23-CV-00463-LCB (N.D. Ala.); *Pilati v. Yellow Soc. Interactive, Ltd.*, No. 3:23-CV-00485-LCB (N.D. Ala.); *Rice v. Aristocrat Leisure, Ltd.*, No. 3:23-CV-00480-LCB (N.D. Ala.).

6.      On August 23, 2023, in response to an Order to Show Cause entered by Judge Smith, Playtika explained that it disagreed with Judge Burke's decision regarding non-aggregation but, in any event, federal jurisdiction was appropriate in Playtika's case on a separate basis that Judge Burke did not have occasion to consider: because "one Alabama-based player spent more than $75,000 playing [Playtika's] games," the court had diversity jurisdiction over that claim and supplemental jurisdiction over the remaining claims on behalf of the other players who spent less. *Mills*, No. 3:23-cv-00464, Dkt. 19.

7.      That same day, Plaintiff moved for leave to reply (*id.*, Dkt. 20), and hours later amended her complaint to say that she no longer sought to recover the money spent by Alabama players who individually spent more than $75,000 during the relevant period (*id.*, Dkt. 21).  The next day, on August 24, 2023, Plaintiff voluntarily dismissed her complaint without prejudice. *Id.*, Dkt. 22.  That same day, her counsel voluntarily dismissed every one of the other § 8-1-150(b) online gaming cases pending before Judge Smith, likely for the same reasons.[3]  Plaintiff filed the instant complaint one day later.

---

[3] *Sornberger v. Sciplay Corp.*, 3:23-cv-00476-CLS, Dkt. 26 (N.D. Ala.); *Seal v. VGW Ltd.*, 3:23-cv-00462-CLS (N.D. Ala.); *Pilati v. Playstudios US LLC*, 3:23-cv-00488-CLS, Dkt. 16 (N.D. Ala.).

### B.    Bases for Removal

8.    At the time this action was commenced, Plaintiff was domiciled in Franklin County, Alabama.  Compl. ¶ 3.  Thus, Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of federal diversity jurisdiction.").

9.    At the time this action was commenced, Playtika Ltd. was and remains a foreign company, with its principal place of business in Herzliya, Israel.  Compl. ¶ 4; Declaration of Amir Yagil, attached hereto as **Exhibit B** ("Yagil Decl.") ¶ 2. Thus, for purposes of diversity, it is a citizen of a foreign state.  28 U.S.C. § 1332(c)(1).

10.    At the time this action was commenced, Playtika Holding Corp. was and remains a corporation incorporated under the laws of the state of Delaware, with its principal place of business in Nevada.  Compl. ¶ 5; Yagil Decl. ¶ 2.  Thus, for purposes of diversity, Playtika Holding Corp. is a citizen of Delaware and Nevada. 28 U.S.C. § 1332(c)(1).

11.    Playtika Ltd. has not been properly served in accordance with Ala. R. Civ. P. 4.  Notwithstanding the lack of service, Playtika Ltd., by counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not limited to, lack of personal jurisdiction and insufficient service of process.  *See*

*Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 Fed. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]"); *see also* Fed. R. Civ. P. 12(b)(5) (defense of "lack of personal jurisdiction" and "insufficient service of process" not waived by removal).

12.    Playtika Holding Corp. was served with a copy of the complaint on August 30, 2023.  *See Mills*, No. 33-CV-2023-900034, Service Return, Dkt. 6. Accordingly, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

13.    Pursuant to § 1446(a), Playtika has filed herewith a copy of all process, pleadings, and orders filed in the case to date.

14.    Playtika did not file responsive pleadings in the Circuit Court of Franklin County, Alabama, in advance of removing the case to this Court.

15.    A copy of this Notice of Removal will be filed with the Circuit Court of Franklin County, Alabama, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

16.    Plaintiff's allegations against Playtika in this case arise from Playtika's development and publication of online casino-themed social games, which Plaintiff claims are unlawful contests of chance under Alabama law.  Compl. ¶¶ 6–8, 13–15.

17.    Plaintiff seeks to recover the amounts spent by all players in Alabama of Playtika's alleged "online games of chance . . . including, but not limited to, slot machines, other casino-style games, card games and other games of chance" from

August 25, 2022 to August 25, 2023 (Compl. ¶¶ 1, 6, 24, Prayer for Relief), "for the use of the wife, or if no wife, the children, or, if no children, the next of kin of the loser[s]" of the games in that state (Ala. Code § 8-1-150(b)), excluding purchases by individual players who spent $75,000 or more during that period.

18.    Removal is based upon 28 U.S.C. §§ 1332(a), 1332(d)(2)(A), 1441(a) and 1453.  As set forth below, removal is proper for two independent reasons: (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there is diversity of citizenship among all parties in this representative action seeking to recover on behalf of the families of players in Alabama who have made purchases playing Playtika's games; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity among all parties.

## II.    JURISDICTION AND VENUE

19.    By removing the state court action to this Court, Playtika does not consent to this Court's exercise of personal jurisdiction over it in this action and reserves the right to move for dismissal on that and any other grounds available to them. *See Kostelac*, 517 Fed. App'x at 674 n.6.

20.    This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), which gives the Court "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

21.    Alternatively, this Court has jurisdiction under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

22.    Venue is proper in the Northern District of Alabama, Northwestern Division, because the state court action was filed in the Circuit Court of Franklin County, Alabama.  Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### III.    GROUNDS FOR REMOVAL

#### A.    Removal Is Proper under the CAFA

23.    Removal is proper under 28 U.S.C. §§ 1332(d)(2) and 1453(b). Together, these statutes allow for the removal of any "class action" where minimal diversity exists, at least 100 class members are represented, and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," provided none of the grounds for mandatory declination of CAFA jurisdiction exists.  *See* 28 U.S.C. §§ 1332(d)(1)–(5).  All requirements are met here.

24.     The CAFA defines the phrase "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

25.     Congress intended "the definition of 'class action' [] to be interpreted liberally," and that "[i]ts application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority."  S. Rep. No. 109-14, at 34–35 (2005).  Congress has emphasized that "[g]enerally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions."  *Id*.

26.     There appears to be no controlling law from the Supreme Court or the Eleventh Circuit construing the phrase "class action" under the CAFA.  However, the "CAFA's language favors federal jurisdiction over class actions," and "all doubts" are to be "resolved 'in favor of exercising jurisdiction over the case.'"  *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)

27.     The ordinary meaning of the phrase "class action" is a "lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group."  Black's Law Dictionary; *accord* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 1.1.  Moreover, in keeping with CAFA's broad definition of "class action," two other federal courts of appeals have held that

CAFA confers subject-matter jurisdiction over any lawsuit that is "in substance a class action."  *Addison Automatics, Inc. v. Hartford Cas. Ins.,* 731 F.3d 740, 742 (7th Cir. 2013); *Williams v. Emp'rs Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) (same).  From these two principles, courts have interpreted the CAFA to preclude plaintiffs from thwarting removal of a lawsuit that is "in substance a class action" by "disguis[ing] the true nature" of the suit.  *Addison Automatics*, 731 F.3d at 742; *accord Williams*, 845 F.3d at 901.  And this is what Plaintiff is trying to do here.

28.     This action is "in substance a class action" because it is brought on behalf of the families of all players in Alabama of Playtika's games.  The complaint asserts claims under Alabama Code § 8-1-150(b), in a representative capacity on behalf of the families of all Alabama players who played Playtika's games and seeks to recover all the money that those players spent on the games "for the use of" those players' families.  *See* Compl. ¶¶ 16, 17, 20, 25, Prayer for Relief.  Indeed, Judge Burke recognized this to be the case in describing plaintiffs in the cases before him—plaintiffs in the same position as Plaintiff here—as "appear[ing] in a ***representative capacity***."  *See*, *e.g.*, *Rice*, 2023 WL 5198510, at *3 (emphasis added).  Accordingly, in claiming to represent and to seek recovery for all Alabama players' families, Plaintiff raises a common question of whether Playtika's free-to-play online games constitute illegal gambling under § 8-1-150(b).  Thus, this suit is, in substance, a

"representative suit[] on behalf of [a] group[] of persons similarly situated."

*Newberg* § 1.1, at 2.

29.   Removing this case will also further the CAFA's purposes.   The

"CAFA's primary objective [is] ensuring [f]ederal court consideration of interstate

cases of national importance."   *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588,

595 (2013) (quotations omitted); *accord Dart Cherokee Basin Operating Co., v.

Owens*, 574 U.S. 81, 89 (2014), 574 U.S. at 89.   Congress also "enacted CAFA to

address inequitable state court treatment of class actions and to put an end to certain

abusive practices by plaintiffs' class counsel."   *Lowery v. Ala. Power Co.*, 483 F.3d

1184, 1193 (11th Cir. 2007).

30.   This lawsuit directly implicates these concerns: Plaintiff is trying to

recover millions of dollars representing the families of every person in Alabama who

made purchases in Playtika's games by invoking a never-before-used theory to avoid

this Court's jurisdiction; Plaintiff's counsel sued eight other online gaming

companies using this same novel theory to seek collectively tens of millions of

dollars; Plaintiff voluntarily dismissed her previously removed case after realizing

that the district court had original jurisdiction over the case; and Judge Burke noted

that the identical cases before him were brought in a "representative capacity" and

"***could*** be viewed as a means to avoid filing a class action lawsuit."   *E.g., Rice*, 2023

WL 5198510, at *3 and n.3 (emphasis in original).   As explained above, courts

should interpret the definition of "class action" in the CAFA liberally to prevent the exact gamesmanship Plaintiff is displaying here to attempt to evade federal court jurisdiction.

31.    Diversity of citizenship exists under 28 U.S.C. § 1332(d)(2) because Plaintiff and the families of players are citizens of Alabama and neither of the Playtika entities is a citizen of Alabama.  *See supra* Section I.B; Compl. ¶ 17; Yagil Decl. ¶ 2.  Because no Playtika entity is a citizen of Alabama, none of the exceptions to CAFA jurisdiction applies.  *See* 28 U.S.C. §§ 1332(d)(3)–(4); Yagil Decl. ¶ 2.

32.    There are over 100 class members.  *See* 28 U.S.C. § 1332(d)(5)(B); *see also* Yagil Decl. ¶ 5.

33.    Lastly, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, even when excluding purchases by individual players who spent $75,000 or more during the relevant time period.  *See* 28 U.S.C. § 1332(d)(2), (6); Yagil Decl. ¶ 5.

34.    Thus, CAFA jurisdiction exists under 28 U.S.C. § 1332(d)(2).  Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a) and 1332(d)(2).

**B.    Removal Is Proper under the Court's Diversity Jurisdiction**

35.    Alternatively, removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).  Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy

exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  All requirements are met here.

36.     The "amount in controversy" element of diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

37.     In determining whether the amount in controversy requirement is satisfied where, as here, there is an unspecified claim for damages, the removing defendant need only prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum.  *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013).  District courts "may use their 'judicial experience and common sense' in deciding whether the case stated in a complaint meets federal jurisdictional requirements."  *Id.* at 1283.

38.     To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000, including "affidavits, declarations, or other documentation."  *Id.*; *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding defendants could "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal," including defendants' own affidavits, declarations, or other documents).

39.     Here, the amount in controversy requirement is satisfied based on the allegations in the complaint and declaration attached hereto.  Plaintiff seeks to recover, pursuant to Alabama Code § 8-1-150(b), the amounts spent by all players of Playtika's games in Alabama from August 25, 2022, to August 25, 2023, "for the use of the wife, or if no wife, the children, or, if no children, the next of kin of the loser[s]" of the games in this state, excluding purchases by individual players who spent $75,000 or more during that period.  Compl. ¶¶ 1, 7, 24, Prayer for Relief.  The total amount spent by Alabama players of Playtika's casino-themed social games from August 25, 2022, to August 25, 2023, which is the limitations period alleged by Plaintiff, exceeds $75,000.  Yagil Decl. ¶ 5.

40.     Complete diversity of citizenship exists because Plaintiff is domiciled in Alabama and none of Playtika entities are incorporated or headquartered in Alabama.  28 U.S.C. § 1441(b); *see supra* Section I.B.

41.     Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

42.     Although Judge Burke rejected the argument in *Rice* that the amounts spent by unnamed Alabamans could be aggregated to reach the $75,000 threshold for traditional diversity jurisdiction under 28 U.S.C. § 1332(a), Playtika respectfully disagrees with Judge Burke's decision.  *See supra* Section I.A.

## IV.   CONCLUSION

43.   Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

44.   By removing the state court action to this Court, Playtika reserves and does not waive any and all defenses, objections or motions available to them under state or federal law, including any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Playtika hereby removes this action from the Circuit Court of Franklin County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division.   This Notice has been served on all counsel of records on the date and manner stated in the Certificate of Service.

Dated:  September 28, 2023

Respectfully Submitted,

*/s/ John Earnhardt*
John Earnhardt (ASB-3724-A49J)
Carmen Chambers (9445n13U)
MAYNARD NEXSEN PC
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
Tel: (205) 254-1204
jearnhardt@maynardnexsen.com
cchambers@maynardnexsen.com

*Attorneys for Playtika Ltd. and*
*Playtika Holding Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September 2023, the foregoing document was served on counsel of record for Plaintiff Gayla Hamilton Mills, listed below, via email and certified mail:

Jeffrey L. Bowling
BEDFORD, ROGERS &BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, AL 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, AL 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
inorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Counsel for Plaintiff Gayla Hamilton Mills*

*/s/ John Earnhardt*
John Earnhardt

16